IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL T. JOHNSON,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ANTHONY D. WILLS,**<br>**CURTIS L. DALLAS,**<br>**YVETTE BAKER,**<br>**C/O KEEFER,**<br>**C/O EVANS,**<br>**JOHN DOE 1, and**<br>**JOHN DOE 2,**<br><br>        **Defendants.** | Case No. 23-cv-02707-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael Johnson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. This case is before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A.

THE FIRST AMENDED COMPLAINT

Plaintiff states that on August 2, 2021, during tactical operation at Menard, he became incoherent. (Doc. 9, p. 9). According to Plaintiff's medical exhibits, he had ingested an illicit intoxicating substance. (*Id.* at p. 30). Plaintiff was ordered by a tactical officer to strip naked so

that he could be searched. Plaintiff told the officer that he needed medical assistance. The officer ignored Plaintiff's request and again directed Plaintiff to strip naked. Following the search, Plaintiff dressed, put on his COVID mask, and was handcuffed. He was then removed from his cell and placed in a line with other inmates. As the line began to move and leave the building, Plaintiff lost consciousness. (*Id.*).

When Plaintiff regained consciousness, he was being carried to the chapel. (Doc. 9, p. 9-10). Plaintiff was seated in the chapel in a row of seats by himself. (*Id.* at p. 10). Plaintiff then complained to Sergeant Dallas and Correctional Officer Keefer about needing medical attention. The officers laughed at Plaintiff and stated, "you should've poured it out." Plaintiff then stated he could not breath because of his mask. He tried to lower his mask while handcuffed. Plaintiff felt like he was going to vomit, and he was afraid he would vomit into the mask and choke. Dallas and Keefer continued to laugh and walked away. (*Id.*).

Plaintiff then stood and walked out of the chapel. (Doc. 9, p. 10). He walked in between two gun towers and could have been shot by correctional officers. Plaintiff states he was not in his right state of mind. (*Id.*).

The next day, on August 3, 2021, Plaintiff was taken from the infirmary to restrictive housing. (Doc. 9, p. 11). Tactical Officer Evans placed Plaintiff in a cell with a solid metal door. Plaintiff states the cell had poor ventilation, and the heat index that day had exceed 100 degrees. Plaintiff was not given a fan, and the sink only produced hot water. The mattress was dirty and smelled of urine, and he did not have any bedding. (*Id.*). Plaintiff complained to Officer Evans that the cell was extremely hot and that he did not have his property, including his personal fan. (*Id.* at p. 12). Evans responded that he "told property about the situation." Evans repeatedly made property officers, John Doe 1 and John Doe 2, aware that Plaintiff did not have fan. (*Id.*).

Plaintiff states that he was without his hygiene bag for four days. (Doc. 9, p. 12). His hygiene bag contained a disposable cup. Without the cup, for four days, Plaintiff had to drink hot water by putting his mouth under the faucet. (*Id.*). Plaintiff states that during his time in the segregation cell, he was forced to lay on the floor to be able to breath. He inhaled a fungus that damaged his lungs and cause him to become incontinent. (*Id.* at p. 12).

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment claim against Dallas and Keefer for failing to protect Plaintiff from an excessive risk to his safety on August 2, 2021.

**Count 2:** Eighth Amendment claim for unconstitutional conditions of confinement against Wills, Baker, Evans, John Doe 1, and John Doe 2.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

Plaintiff asserts that Defendants Keefer and Dallas violated his constitutional rights by failing to supervise and protect him. (Doc. 9, p. 10). He states that if they had done their jobs, then he would not have been put at risk of getting shot after he wondered out of the chapel and then placed in unconstitutional conditions of confinement in segregation. (*Id.*).

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

These allegations fail to state an Eighth Amendment claim. The facts, as pled, do not demonstrate that Plaintiff was "in serious peril of being harmed," and that Defendants acted with deliberate indifference. *Pinkston v. Madry,* 440 F. 3d 879, 889 (7th Cir. 2006). While there is of course is always the "possibility" that an imnate could wonder off and be shot by correctional officers, nothing in the First Amended Complaint establishes a "strong likelihood" of violence by staff against Plaintiff and that Defendants were aware of and ignored this danger. *Id.* Defendants' conduct, as described, amounted to negligence may be even gross negligence for not properly supervising Plaintiff while he was under the influence of an unknown substance, which is not sufficient to support an Eighth Amendment claim. *Adams v. Durai*, 153 F. App'x 972, 975 (7th Cir.2005). Count 1 is dismissed.

**Count 2**

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the plaintiff must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

"[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981). Thus, the conditions experienced by an inmate must be severe to support an Eighth Amendment claim." *Perkins v. English,* No. 22-cv-1053-DRL-MGG, 2023 WL 2571717, at *1 (N.D. Ind. Mar. 20, 2023). "Some conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006). However, "[g]enerally speaking, challenges to conditions of

confinement cannot be aggregated and considered in combination unless they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise." *Johnson v. Prentice*, 29 4 895, 904 (7th Cir. 2022). As to the second element of an Eighth Amendment claim, in order to sufficiently plead that a defendant acted with deliberate indifference, the plaintiff must allege facts to support the inference that "the official must have actually known of and consciously disregarded a substantial risk of harm." *Rasho v. Jeffreys*, 22 F. 4 703, 710 (7th Cir. 2022).

Plaintiff's assertions regarding the extremely hot temperature of the cell, poor ventilation, the presence of an air born fungus, being behind a solid metal door, and not having a fan or cold water have a mutual enforcing effect, and the conditions sufficiently rise to a constitutional deprivation. *White v. Monohan,* 326 F. App'x 385, 388 (7th Cir. 2009) (citation omitted). Plaintiff will be able to proceed on his unconstitutional conditions regarding extreme heat and poor ventilation against Warden Wills, John Doe 1, John Doe 2, and Evans.

Count 2 is dismissed to the extent Plaintiff claims that his Eighth Amendment rights were violated because he was denied hygiene items for four days and was given a dirty mattress. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("extreme deprivations are required to make out a conditions-of-confinement claim").

Count 2 is also dismissed as to Grievance Officer Baker. Plaintiff attempts to hold Baker liable for his conditions of confinement solely because she reviewed and denied his grievance. As the Court previous discussed in the original Merit Review Order, the denial or mishandling of a grievance is not sufficient to establish liability. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the mishandling of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith,* 507 F. 3d 605, 609 (7th Cir. 2007)

("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation").

## PENDING MOTIONS

The second motion for leave to proceed *in forma pauperis* (IFP) is **DENIED as moot**. (Doc. 10). Plaintiff has already been granted leave to proceed IFP, and an initial partial filing fee of $28.83 has been assessed. (Doc. 6).

The Court also **DENIES** the second motion for recruitment of counsel. (Doc. 11).[2] Plaintiff discloses five unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Plaintiff indicates that he is having difficulty with discovery as the prison will not turn over the records he needs to prove his case. The Court finds that Plaintiff can proceed pro se, at least for now. Discovery has not commenced in this case, and Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once Defendants have been served, and after discovery on the merits begins, if Plaintiff has significant difficulty, he may refile his motion.

## IDENTIFICATION OF UNKNOWN DEFENDANTS

Count 2 survives screening against defendants who are not yet identified (among others): John Doe 1 and John Doe 2. However, these defendants must be identified with particularity, so the lawsuit can be served on them. The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Warden Wills will be directed in his official capacity to respond

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

to discovery aimed at identifying the unknown defendants. Once the names of these defendants are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and First Amended Complaint.

### DISPOSITION

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** is dismissed without prejudice. **COUNT 2** will proceed in part against Warden Wills, John Doe 1, John Doe 2, and Evans. All claims against Keefer, Dallas, and Baker are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to terminate them as defendants on the docket.

Because Plaintiff claims that his time in restrictive housing impacted his health, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Wills, Evans, and John Doe 1 and John Doe 2 (once identified) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the First Amended Complaint and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his

last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 7, 2024**

                                                                                               *s/Stephen P. McGlynn*
                                                                                              **STEPHEN P. MCGLYNN**
                                                                                              **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.