IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL T. JOHNSON, #B09271, | |
| Plaintiff, | Case No. 23-cv-02707-SPM |
| v. | |
| ANTHONY D. WILLS, and C/O EVANS, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for summary judgment on the issue of failure to exhaust administrative remedies filed by Defendants Wills and Evans. (Doc. 28). Plaintiff Johnson filed a response in opposition. (Doc. 36). For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Michael Johnson, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, initiated this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In the First Amended Complaint, Plaintiff alleges that on August 3, 2021, Defendant Evans, a tactical officer, took him from the infirmary to restrictive housing. (Doc. 9, p. 11). Evans placed Plaintiff in a segregation cell that had a solid metal door, poor ventilation, and the presence of an airborne fungus. At the time, the heat index was above 100 degrees. Plaintiff was not given his fan, and the sink only produced hot water. (*Id.*). Plaintiff repeatedly complained to Evans that the cell was extremely hot and that he did not have his property, including his personal fan. (*Id.* at p. 12). Evans told Plaintiff that he "told property about the situation." Plaintiff alleges that Evans repeatedly made the property officers aware that

he did not have his fan. He asserts that during his time in the segregation cell, he was forced to lay on the floor to be able to breath. Plaintiff also claims that inhaling the airborne fungus caused damage to his lungs and caused him to become incontinent. (*Id.*).

Following review of the First Amended Complaint pursuant to 28 U.S.C. §1915A, Plaintiff is proceeding with the following claim:

> **Count 2:** Eighth Amendment claim for unconstitutional conditions of confinement against Wills and Evans.

(Doc. 12). In the merit review order, the Court specified that Count 2 would proceed against Wills and Evans based on the "mutual enforcing effect" of his allegations regarding the "extremely hot temperature of the cell, poor ventilation, the presence of an airborne fungus, being behind a solid metal door, and not having a fan or cold water." (*Id.* at p. 5). The Court dismissed the unconstitutional conditions of confinement claim relating to Plaintiff's allegations that he was denied his hygiene items for four days and given a dirty mattress. (*Id.*).

On October 16, 2024, Defendants Wills and Evans filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative claims prior to initiating this lawsuit. (Doc. 28). Defendants identify a single grievance filed by Plaintiff relating to his claims in this suit, Grievance #172-8-21, dated August 19, 2021. Defendants conceded that Plaintiff completed the administrative process in filing and appealing Grievance #172-8-21. (*Id.* at p. 4-5, 9). They argue, however, that Plaintiff did not include any allegations against them in the grievance and failed to describe the conditions of the cell that are at issue in this case. Because the grievance fails to alert prison officials to issues with Plaintiff's cell conditions or Defendants' alleged misconduct, Defendants contend that Plaintiff did not meet the requirements of the Prison Reform Litigation Act, 42 U.S.C. §1997e(a), and exhaust his administrative remedies. They seek summary judgment in their favor.

In the response in opposition, Plaintiff argues that the Grievance #172-8-21 was properly

filed and sufficiently alerted prison officials of his cell conditions. (Doc. 36). He states that he wrote in the grievance that he was placed behind a solid metal door without any bedding or a fan. Plaintiff asserts that the fact that officials were notified of his complaints is demonstrated by an email sent from Maggie Madole, a member of the Administrative Review Board, to Yvette Baker, a grievance officer. In the email, Madole instructs Baker to provide more information on Plaintiff's assertion that he was in "restricted housing for 10 days without bedding as well as not being given a fan." (Doc. 28-2, p. 17). Thus, Plaintiff believes that the grievance contains enough detail to meet the requirements of the PLRA, and the motion for summary judgment should be denied.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

### II. Exhaustion of Administrative Remedies

As an inmate in the custody of IDOC, Plaintiff was required to follow the grievance procedures laid out in the Illinois Administrative Code (grievance procedures). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate is to file a grievance first with the Counselor within 60 days of the discovery of an incident. *See Id.* § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the

subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

*Id.* § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a Grievance Officer. *See Id.* § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See Id.* § 504.830(a). The Grievance Officer must submit his findings to the Chief Administrative Officer (CAO) within two months after receiving the grievance. *Id.* § 504.830(e). The CAO then reviews the findings and recommendation of the Grievance Officer and issues a written decision to the inmate. *Id.* If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board ("ARB"). *See Id.* § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO. *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir. 2002).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If it is determined that there a substantial risk of imminent personal injury or other serious or irreparable harm exists, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* On the other hand, if the CAO determines that the grievance should not be handled on an emergency basis, the inmate is notified in writing that he "may resubmit the grievance as non-emergent, in accordance with the standard grievance process." *Id.*

## ANALYSIS

It is not disputed that Grievance #172-8-21 was timely and properly filed at each level of the grievance procedure and ultimately decided on the merits. (Doc. 28-2, p. 2-17). The issue is whether the grievance contains enough detail to exhaust Plaintiff's claim against Defendants Evans and Wills. The Court finds that it does not.

In Grievance #172-8-21, Plaintiff grieves that he fears for his safety from members of the tactical operations team. (Doc. 28-2, p. 14). He states that Sergeant Dallas retaliated against him for walking out of chapel during a state-wide tactical team operation by issuing him a false disciplinary report. Plaintiff explains that he left the chapel because he was in need of medical attention. He states that after he was placed in restrictive housing the retaliation continued. He was not given bedding for ten days and was not given his fan, "even though I'm behind the door." (*Id.* at p. 15). Plaintiff states that four officers asked him if he was the inmate who "was pulled from chapel." Plaintiff writes that he believes "harm is about to come to me from members of the tactical team." He requests to be interviewed by someone from internal affairs and to have the camera footage from outside the chapel on August 2, 2021, reviewed to confirm his allegations. (*Id.*).

Grievance #172-8-21 fails to adequately notify staff of the conditions of Plaintiff's segregation cell, as alleged in the First Amended Complaint. *See* 20 ILL. ADMIN. CODE. 504.810(c). While the grievance mentions that Plaintiff was placed in a cell with a solid door and not given his fan, the "grievance suggested that the 'nature of the wrong for which redress is sought'" was the retaliatory conduct by tactical team officers, not the cell conditions themselves. *Jackson v. Esser,* 105 F. 4th 948, 959 (7th Cir. 2024). Plaintiff indicates at the top of the grievance that the grievance pertained to staff misconduct and the August 2, 2021 disciplinary report, and he seeks further involvement in the situation by internal affairs, not to be moved to another cell or to be provided with cool water and a fan. Additionally, Plaintiff does not provide any information regarding complaints that he made to and were disregarded by Evans, or any other officer, regarding the temperature of his cell. The "purpose of the exhaustion requirement is to make sure the prison learns about the prisoner's claim, and has a chance to address it before the court gets involved." *Boyd v. Pfister,* No. 18-cv-03275, 2020 WL 6381367 (N.D. Ill. Oct. 30, 2020) (citing *Pyles v. Nwaobasi,* 829 F.3d 860, 867 (7th Cir. 2016)). Grievance #172-8-21 does not meet this purpose.

Because nothing in the grievance allows the inference that Plaintiff was seeking relief from his cell conditions of extreme heat, poor ventilation, and an airborne fungus, Plaintiff failed to exhaust his claims against Wills and Evans. *See Roberts v. Neal,* 745 F. 3d 232, 234 (7th Cir. 2014). Accordingly, Defendants are entitled to summary judgment.

## DISPOSITION

For the reasons stated above, the Motion for Summary Judgment is **GRANTED**. (Doc. 28). This case is **DISMISSED without prejudice** for failure to exhaust. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 2, 2025

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**